1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
MONTGOMERY, ALABAMA

RECEIVED

AUG - 2 2017

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

**LORENZO PEARSON**
*PLAINTIFF*

1:17-CV-522-WKW-TFM

**VS**                                                   Case #  NOT ASSIGNED YET

**SECURITY FINANCE CORPORATION OF ALABAMA, INC, SECURITY FINANCE CORPORATION OF SPARTANBURG, SPARTAMBURG, SOUTH CAROLINA; SECURITY FINANCE OF OZARK ALABAMA, SECURITY FINANCE OF DOTHAN ALABAMA and FICTICTIOUS PARTIES TO BE INCLUDED AFTER DISCOVERY**
*DEFENDANTS*

### 1. COMPLAINT

### 2. PARTIES

Lorenzo Pearson "Plaintiff" mailing address and resides at 17 West East Main Street Ariton, Alabama 36311. Defendant(s), Security Finance Corporation of Alabama, Inc. 204 East Main St., Spartanburgh SC, 29306, Security Finance Corporation of Spartanburg, 181 Security Pl, Spartanburg, South Carolina 29307, Security Finance Ozark Alabama, 123 South Painter STE F, Ozark, Alabama 36360, Security Finance Dothan, Alabama, 2643 Montgomery Hwy STE 3, Dothan, Alabama 36303.  All Defendant(s) acted for each other/and individually.

### 3. JURISDICTION

Over Fair Credit Reporting Act Pursuant Section 615(a) 15 U.S.C. § 1681m(a). Supplemental jurisdiction over all state claims pursuant 28 U.S.C. § 1367.

### GENERAL STATEMENT

Defendant(s) taking loan application from Plaintiff by phone communication on two separate occasions on or about August 20th and November 2nd 2016. Defendant(s) violated statutory law and committed a tortuous act during the application process on both occasions by failing to notify Plaintiff of his rights under FCRA Pursuant Section 615(a) 15 U.S.C. § 1681m(a) when applying for credit and being denied of credit.

### 4. FACTS

5.      On or about August 20th, 2016, Plaintiff Lorenzo Pearson attempted to apply for credit over the phone with Security Finance in Dothan, Alabama.

6. The Dothan office transferred my application to the Ozark office.

7. The Ozark office finished the application and never noticed me of the results.

8. I called the headquarters in South Carolina and they made the Ozark office fill out another application on or about November 2nd, 2016.

9. In neither application did the Defendant(s) notify me of my rights pursuant FCRA notice requirement pursuant adverse action for credit denial.

10. Plaintiff repeats, re pleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

### 11. CAUSE OF ACTION COUNT ONE VIOLATION OF FCRA SECTION 615(a) 15 U.S.C. § 1681m(a)

12. The Fair Credit Reporting Act (FCRA) requires notice to a consumer subjected to "adverse action . . . based in whole or in part on any information contained in a consumer [credit] report." 15 U.S.C. §1681m(a).

13. This notice require creditors taking adverse action based on a consumer report to provide an adverse action notice containing the name of the credit reporting agency, notice of consumer's rights to request a free credit report, and notice of the consumers right to dispute the accuracy of the report's content.

14. The action of the Defendant(s) failing to provide an adverse action letter pursuant the statue is a direct violation to the rights of the Plaintiff pursuant the FCRA statue adverse action/notice requirement as given above.

15. The action of the Defendant(s) failing to provide the specifics required under the FCRA during phone conversations for credit application when denying credit on two separate occasions is a direct violation to the rights of the Plaintiff and has caused him statutory damages at the minimum.

16. **Wherefore as** considering the premises herein, the Plaintiff requests judgment against Defendants severally and or individually for statutory damages, compensatory damages, actual damages, court cost, and any other relief the court sees just under the circumstances.

17. Plaintiff repeats, repleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

### 18. CAUSE OF ACTION COUNT TWO WILLFUL FAILURE/NEGLECT

19. Willful failure covers a violation committed in reckless disregard of the notice obligation. Where willfulness is a statutory condition of civil liability, it is generally taken to cover not only knowing violations of a standard, but reckless ones as well. See, e.g., McLaughlin v. Richland Shoe

3

Co., 486 U. S. 128, 133.

20.     Defendant(s) knowingly and or recklessly disregarded the statutory conditions required under FCRA pursuant notice obligation under two circumstances, while denying credit of Plaintiff.

21.     Further, with the Defendants performing this type of service daily, their failure to follow federal law of notice requirement is reckless at the minimum which set the threshold for punitive damages.

22.     The Defendant(s) failed action against the Plaintiff's notification rights as given under the adverse action statue where they fail their duty twice, but it was done recklessly with the experience they have in the business were they take credit application daily.

23.     After being denied his rights the first time after being denied credit, the Plaintiff notified Defendant(s) nearly a month later and they acted to cover up their failure by claiming they would now take my application over. This would be well over 30 days after credit denial the first time.

24.     Their action is knowing and reckless failures with that has prompted this lawsuit causing damage to the Plaintiff and that under previous cases specifically backed by the Supreme Court Of The United States prompting a request for punitive damages.

25.     **Wherefore as** considering the premises herein, the Plaintiff request judgment against Defendant(s) individually and or severally for statutory damages, actual damages, punitive damages of at least $25, 000.00, court cost, and any other relief the court sees just under the circumstances.

**PLAINTIFF DEMANDS A JURY AS TO ALL ISSUES HEREIN**

Lorenzo Pearson Pro Se Plaintiff
17 West Main St.
Ariton Alabama

4

## CERTIFICATE OF SERVICE

Plaintiff certifies that he has mailed a copy to the main office by U.S. mail of the above style complaint prepaid to defendant(s) at their perspective address noted in the paragraph parties above, this the 20th, day of July, 2017.

Respectfully submitted, this the 20th, day of July, 2017.

_[signature]_

Lorenzo Pearson Pro Se Plaintiff
17 West Main Street
Ariton Alabama 36311