IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LORENZO PEARSON,                 )
                                               )
       Plaintiff,               )
                                               )
v.                                 )       CASE NO. 1:17-cv-522-WKW-TFM
                                             )
SECURITY FINANCE              )
CORPORATION OF ALABAMA INC., )
*et al.,*                              )
                                             )
       Defendants.         )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is pending before the Court on Defendants' Motion to Dismiss (Doc. 16), Brief in Support (Doc. 17), Plaintiff's Response (Doc. 22) and Defendants' Reply (Doc. 24).[1]  Pursuant to 28 U.S.C. § 636(b) (1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters.   (Doc. 5).

### I. INTRODUCTION

Plaintiff, who is proceeding *pro se*, filed this action alleging Defendants violated section 1681m of the Fair Credit Report Act ("the FCRA") 15 U.S.C. § 1681 et seq., by

---

1 Also, pending before the Court is Plaintiff's Motion for Sanctions (Doc. 28) and Plaintiff's Motion to Deny Stay (Doc. 29).   Both of these involve this Court's October 23, 2017 Order granting Defendant's Motion to Stay Discovery Pending Resolution of the Motion to Dismiss. (Doc. 27).   For the reasons set out hereinafter, the Court concludes that these Motions (Docs. 28, 29) are due to be denied as moot.

failing to give Plaintiff notice of adverse action. (Doc. 1 at p.1). The Complaint seeks money damages. (Doc. 1 p. 3). Plaintiff filed multiple motions to proceed *in forma pauperis*. Thereafter, this Court entered an Order granting Plaintiff's applications to proceed *in forma pauperis*. (Doc. 10). In *forma pauperis* proceedings are governed by 28 U.S.C. § 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C.§ 1915(e)(2)(B).

Pending before the Court is Defendants' Motion to Dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure based upon the Plaintiff's failure to state a claim upon which relief can be granted. (Doc. 16). Defendant argues that Plaintiff's complaint is due to be dismissed since Plaintiff's claims are predicated on a statute for which no private right of action is available. *McDonald v. So. Farm Bureau Life Ins. Col.,* 291 F.3d718, 726 (11th Cir. 2002) (Granting the defendant's motion to dismiss where statute under which the plaintiff brought suit provided no private right of action). (Doc. 17 at p. 2). With these standards in mind, the Court will address Defendants' Motions to Dismiss.

## II. DISCUSSION AND ANALYSIS

As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). Plaintiff alleges Defendants violated section 1681m of the Fair Credit Report Act ("the FCRA") 15

U.S.C. § 1681 et seq., by failing to give Plaintiff notice of adverse action.    (Doc. 1 at p.1).

Defendant argues that Plaintiff cannot state a claim because there is no private right of

action under that statute. (Doc. 17 at p. 2).

Section 1681m provides in relevant part:

(h) Duties of users in certain credit transactions

(8) Enforcement

(A) No civil actions.    Sections $1681n^2$ and $1681o^3$ of this title shall not apply to any failure by any person to comply with this section.

(B) Administrative enforcement.    This section shall be enforced exclusively under section $1681s^4$ of this title by the Federal agencies and officials identified in that section.

15 U.S.C. § 1681m(h)(8). The language of the statute provides under the title "(A) No civil

actions" that "Sections 1681n and $1681o^5$ . . . shall not apply to any failure by any person

to comply with this section."    Thus, the Court is persuaded the plain language of the

statute demonstrates that noncompliance with the provisions of Section 1681m cannot be

remedied by a private action by the consumer, but only by enforcement by federal agencies.

*See Lamie v. United States,* 540 U.S. 526, 534 (2004) (citations omitted) ("[i]t is well

established that 'when the statute's language is plain, the sole function of the courts – at

---

2 Section 1681n governs "Civil liability for willful noncompliance".
3 Section 1681o governs "Civil liability for negligent noncompliance".
4 Section 1681s provides for "Administrative enforcement" by the Federal Trade Commission
5 Sections 1681n and 1681o are the only sections authorizing private civil actions for FCRA violations.

least where the disposition required by the text is not absurd –is to enforce it according to its terms.")

Numerous courts have applied the unambiguous language of section 1681m and held that no private right of action exists to remedy violations under section 1681m. *See Floyd-Keith v. Homecomings Financial, LLC,* 2010 WL 3927596 at \*8 (M.D. Ala. 2010) adopted by *Floyd-Keith v. Homecomings Financial, LLC,* 2010 WL 3943646 (M.D. Ala. 2010) (summary judgment entered against Plaintiff on her claims under § 1681m because Plaintiff "does not have a private right of action concerning her claim that she was not provided with the Notice of Adverse Action under the FCRA."); *Crowder v. PMI Mort. Ins. Co.,* 2006 WL 1528608 at \*2 (M.D. Ala. 2006) ("On 4 December 2003, in enacting the FACTA, Congress amended section 1681m to eliminate private enforcement."); *Perry v. First Nat'l Bank,* 459 F.3d 816, 813 (7th Cir. 2006)(holding that the "unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m"); *Soroka v. JP Morgan Chase & Co.,* 500 F. Supp.2d 217 (S.D.N.Y. 2007)("[t]he unambiguous plain language of the FCRA makes it clear that Congress intended for this section to be enforced only by Federal administrative agencies."); *Putlowski v. Irwin Home Equity Corp.,* 423 F. Supp.2d 1053, 1061-1062 (N.D. Cal. 2006)("§ 1681m(h)(8) . . . expressly provides that there is no private right of action for violations of § 1681m.); *Howard v. DirectTV Group, Inc.,* 2012 WL 1850922 at \*5 (S.D. Ga. 2012)(dismissing Plaintiff's claims under section 1681m on the basis that "there

is no private right of action to enforce §1681m"); *Bourdelais v. J.P. Morgan Chase,* 2011 WL 1306311 at \*6 (E.D. Va. 2011)("[v]irtually every federal district court and the only federal court of appeals to interpret § 1681m(h)(8) has found it to be clear and unambiguous; the word "section" means "section", and thus no private right of action exists for violations of section 1681m in its entirety.")

Plaintiff, however, points to a footnote in *Crowder,* 2006 WL 1528608 at \*6, fn. 4*,* which references a case from the Eastern District of Virginia, *Barnette v. Brook Road, Inc.,* 429 F. Supp.2d 741 (E.D. Va. 2006), for the proposition that a private right of action exists under parts of § 1681m. In *Barnette*, the Eastern District of Virginia correctly recognized that prior to the 2003 amendments, FCRA authorized a private right of action under § 1681m. *Id.* at 747. The Court concluded that Congress, however, did not intend by amendment to eliminate the private right of action of § 1681m. *Id*. at 748-49. Rather, the Court concluded that due to a scrivener's error, "the limitation in § 1681m(h)(8) should read 'subsection' rather than "section," thereby applying solely to subsection (h) and not eliminating the private right of action for violations of the remainder of § 1681m." *Id.* at 749.

The Court is not bound by the *Barnette* conclusion because the opinion of another district court is not binding authority. Furthermore, the weight of the persuasive authority from other district courts and the only circuit court to consider the issue, hold that there is no private right of action under § 1681m. *Bourdelais,* 2011 WL 1306311 at \*6.

Moreover, the Eastern District of Virginia later repudiated the *Barnette* decision when it specifically adopted the Seventh Circuit's reasoning in *Perry, id.* and specifically "agree[d] with the overwhelming weight of authority holding that the phrase 'this section' in § 1681m(h)(8) refers to section 1681m in its entirety, and thus no private right of action to enforce section 1681m exits." *Bourdelais, id.* at \*8. Because this Court agrees that § 1681m provides no private right of action, the Court concludes that Defendant's Motion to Dismiss is due to be granted.[6]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 16) be and is hereby GRANTED and that Plaintiff's Motion for Sanctions (Doc. 28) and Plaintiff's Motion to Stay (Doc. 29) be DENIED as Moot.

It is further ORDERED that the Plaintiff file any objections to this Recommendation on or before **November 21, 2017.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by

---

6 For the same reasons, the Court concludes Plaintiff's argument that he has a Constitutional right to bring this private action under section 1681m fails.  Indeed, the United States Supreme Court has clearly stated that "[l]ike federal substantive law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001).

the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 6th day of November, 2017.

\s\Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE